WIGGINTON, Acting Chief Judge.
This is an interlocutory appeal from an interlocutory order entered in an action filed in chancery. An examination of appellant’s brief indicates that the matter complained of on appeal is the denial of appellant’s motion for a summary decree in his favor.
Rule 4.2, F.A.R., 31 F.S.A., relating to interlocutory appeals provides in subsection d. thereof as follows:
“ * * * reconj on appeal shall be required or permitted other than certified copies of the appeal papers and the judgment or order appealed from. Such certified copies shall be served and filed within 15 days from the date of the filing of the notice of appeal. The appendices shall contain full copies of all pleadings and other parts of the record needed to determine the appeal.”
Appellant has not filed in this Court certified copies of the appeal papers nor the *575 'order appealed from as required by the rule. Although in his brief appellant asks this Court to examine and consider certain affidavits filed in support of his motion for summary decree, the appendix to appellant’s brief does not contain such affidavits. In the absence of the complete record which was before the chancellor at the time he heard and considered appellant’s motion for summary decree, it is impossible for this Court to know whether the file reflects a genuine issue of a material fact which would preclude the entry of the summary decree as prayed by appellant. Due to the insufficiency of the record before us we are unable to say with certainty that the chancellor erred in denying appellant the summary final decree he sought. It is appellant’s obligation to bring to this Court all matters required by the rule under which he is proceeding if we are to pass judgment on the correctness of the trial court’s ruling.
For the reasons hereinabove set forth, the interlocutory appeal is dismissed.
CARROLL, DONALD K., and RAWLS, JJ., concur.